UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
ANTHONY GEORGE BELL, #16001767,

                     Plaintiff,

        -against-

COUNTY OF NASSAU, JOHN DOODY, Counsel
for Respondent, ARMOUR CORRECTIONAL
HEALTH,

                     Defendants.
-----------------------------------------------------------------X
ANTHONY G. BELL, #16001767,

                     Plaintiff,

        -against-

ARMOR CORRECTIONAL HEALTH, INC.,
KARAN DAVIES, Director,

                     Defendants.
-----------------------------------------------------------------X

For Online Publication Only

**ORDER**
16-CV-2687(JMA)(AYS)

16-CV-4639(JMA)(AYS)

**AZRACK, District Judge:**

      On May 25, 2016, incarcerated *pro se* plaintiff Anthony George Bell ("plaintiff") filed an *in forma pauperis* complaint against the County of Nassau (the "County"), John Doody as counsel for the County ("Doody"), and "Armour Correctional Health" ("Armor") pursuant to 42 U.S.C. § 1983 ("Section 1983"), alleging a deprivation of his constitutional rights ("*Bell I*"). On August 15, 2016, plaintiff filed another *in forma pauperis* complaint ("*Bell II*") against Armor and it alleged director, Karan Davies ("Davies"), also pursuant to 42 U.S.C. § 1983 ("Section 1983"). The complaint in *Bell II* alleges a deprivation of plaintiff's constitutional rights based on the same set of facts alleged in *Bell I*. Because the complaint in *Bell II* is repetitive of the

1

claims alleged in the complaint filed in *Bell I*, the Court consolidates them under the first filed complaint, 16-2687(JMA)(AYS), and directs that the case assigned docket number 16-4639(JMA)(AYS) be closed. All future filings shall be made only under docket number 16-2687(JMA)(AYS).

For the reasons that follow, the Court grants plaintiff's requests to proceed *in forma pauperis* and *sua sponte* dismisses his claims pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b).

## I. BACKGROUND[1]

Plaintiff's sparse allegations seek to challenge the conditions of his confinement and the adequacy of the medical care provided by Armor during his incarceration at the Nassau County Correctional Center ("NCCC"). The "Statement of Claim" in *Bell I* alleges, in its entirety:[2]

> Since being incarcerated I have been denied proper medical care. Also I have been descriminated by the guards because I have HIV. I am housed in unsanitary conditions. I also have sleep apnea and when I first got here was not given proper medical treatment. On Feb. 15, 2016, they put me in a cell on or around Feb. 18 for a week knowing I had sleep apnea and could stop breathing and no one monitored me. The also refuse to give me certain medications.

(*Bell I* Compl. at ¶ IV.) In the space on the form complaint that calls for a description of any claimed injuries and any medical treatment that was required and/or provided, plaintiff alleges "I had to got to the Hospital on route to Nassa County Correctional for asthma treatment and anxiety." (*Id.* at ¶ IV.A.) For relief, plaintiff seeks to recover a monetary damages award

---

[1] All material allegations in the complaint are assumed to be true for the purpose of this Order, see, e.g., Rogers v. City of Troy, New York, 148 F.3d 52, 58 (2d Cir. 1998) (in reviewing a *pro se* complaint for *sua sponte* dismissal, a court is required to accept the material allegations in the complaint as true).

[2] Excerpts from the complaint are reproduced here exactly as they appear in the original. Errors in spelling, punctuation, and grammar have not been corrected or noted.

against the County and Armor in the sum of $160 million.  (*Id.* at ¶ V.)  Plaintiff does not request any relief against Doody.

Like the allegations in *Bell I*, the allegations in *Bell II* are brief.  The single sentence "Statement of Claim" alleges: "Since Feb of 2016 Armore Correctional Health Inc and Karan Davies of Armor Correctional Health Inc. have knowingly denied me proper medical care a pychiatric care till present."  (*Bell II* Compl. ¶ IV.)  In the space on the form complaint that calls for a description of any claimed injuries and any medical treatment that was required and/or provided, plaintiff alleges: "Emotional and physical from giving me the Improper meds and also not having my CpAp machine fixed for over 6 months which caused me to have constant nose bleeds, lack of sleep and puting my health and life in danger."  (*Id.* ¶ IV.A.)  For relief, plaintiff seeks "[c]hanges to there policies and monitary relief" in an unspecified amount.  (*Id.* ¶ V.)

## II.   DISCUSSION

### A.   *In Forma Pauperis* Applications

Upon review of plaintiff's declarations in support of the applications to proceed *in forma pauperis*, the Court finds that plaintiff is qualified to commence these actions without prepayment of the filing fees.  28 U.S.C. § 1915(a)(1).  Therefore, plaintiff's applications to proceed *in forma pauperis* are granted.

### B.   Standard of Review

The Prison Litigation Reform Act requires a district court to screen a civil complaint brought by a prisoner against a governmental entity or its agents and dismiss the complaint, or any portion of the complaint, if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1).  Similarly, pursuant to the *in*

3

*forma pauperis* statute, a court must dismiss an action if it determines that it "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).  The Court must dismiss the action as soon as it makes such a determination.  28 U.S.C. § 1915A(b).

*Pro se* submissions are afforded wide interpretational latitude and should be held "to less stringent standards than formal pleadings drafted by lawyers."  Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam); see also Boddie v. Schnieder, 105 F.3d 857, 860 (2d Cir. 1997).  In addition, the court is required to read the plaintiff's *pro se* complaint liberally and interpret it as raising the strongest arguments it suggests.  United States v. Akinrosotu, 637 F.3d 165, 167 (2d Cir. 2011) (per curiam) (citation omitted); Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009).

The Supreme Court has held that *pro se* complaints need not even plead specific facts; rather the complainant "need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  Erickson v. Pardus, 551 U.S. 89, 93 (2007) (internal quotation marks and citations omitted); *cf.* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice.").  However, a *pro se* plaintiff must still plead "enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted).  The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully."  Id. at 678.  While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  Id. at 678 (quoting Twombly, 550 U.S. at 555).

4

**C.     Section 1983**

Section 1983 provides that

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

42 U.S.C. § 1983.  Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes."  Baker v. McCollan, 443 U.S. 137, 144 n. 3 (1979); Thomas v. Roach, 165 F.3d 137, 142 (2d Cir. 1999).  In order to state a § 1983 claim, a plaintiff must allege two essential elements.  First, the conduct challenged must have been "committed by a person acting under color of state law."  Cornejo v. Bell, 592 F.3d 121, 127 (2d Cir. 2010) (quoting Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994)).  Second, "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States."  Id.; see also Snider v. Dylag, 188 F.3d 51, 53 (2d Cir. 1999).  In addition, in order to state a claim for relief under Section 1983 against an individual defendant, a plaintiff must allege the personal involvement of the defendant in the alleged constitutional deprivation.  Farid v. Elle, 593 F.3d 233, 249 (2d Cir. 2010).

   1.     **Section 1983 Claim Against Nassau**

It is well-established that a municipality, such as Nassau County, may be liable under Section 1983 only if the plaintiff proves that "action pursuant to official municipal policy of some nature caused a constitutional tort."  Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658, 691 (1978).  Thus, to impose liability on a municipality, the plaintiff must prove that a municipal policy or custom caused a deprivation of the plaintiff's rights.  See Wimmer v.

5

Suffolk Cnty. Police Dep't, 176 F.3d 125, 137 (2d Cir. 1999).

To establish the existence of a municipal policy or custom, the plaintiff must allege (1) the existence of a formal policy officially endorsed by the municipality, (2) actions taken or decisions made by an official with final decision making authority, (3) a practice so persistent and widespread that it constitutes a custom, or (4) a failure by policymakers to properly train or supervise their subordinates, amounting to a "deliberate indifference" to the rights of those who come in contact with the municipal employees.  Davis v. Lynbrook Police Dep't, 224 F. Supp. 2d 463, 478 (E.D.N.Y. 2002); Moray v. City of Yonkers, 924 F. Supp. 8, 12 (S.D.N.Y. 1996). "[A] single incident in a complaint, especially if it involved only actors below the policy-making level, does not suffice to show a municipal policy."  DeCarlo v. Fry, 141 F.3d 56, 61 (2d Cir. 1998) (internal quotation marks and citation omitted).

Here, as is readily apparent, even affording the *pro se* complaint a liberal construction, there are simply no factual allegations from which the Court may reasonably infer that the conduct of which plaintiff complains was caused by some policy or custom of the County of Nassau.  See Santos v. New York City, 847 F. Supp. 2d 573, 576 (S.D.N.Y. 2012) ("[A] plaintiff must allege facts tending to support, at least circumstantially, an inference that such a municipal policy or custom exists.").  Accordingly, plaintiff has not alleged a plausible Section 1983 claim against the County and it is, thus, dismissed without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

### 2. Section 1983 Claims Against Armor

"Armor is a private company that provides medical services for inmates at the [NCCC] pursuant to a contract with the Nassau County Sheriff's Department."  Whitenack v. Armor

Medical, No. 13-CV-2071, 2014 WL 5502300, at *9 (E.D.N.Y. Oct. 30, 2014) (internal quotation marks and citation omitted).  The Court assumes, for purposes of this order, that Armor was acting under color of state law in rendering medical services to plaintiff at the Nassau County Correctional Center.  See, e.g., Feder v. Sposato, No. 11-CV-93, 2014 WL 1801137, at * 6 (E.D.N.Y. May 7, 2014) ("[b]ecause Armor was hired to fulfill the state's constitutional obligation to provide necessary medical care for its inmates, [it][was] 'acting under the color of state law' for purposes of Section 1983").  Even assuming that Armor was acting under color of state law, Armor may be liable under Section 1983 only if the "plaintiff proves that action pursuant to official . . . policy of some nature caused a constitutional tort."  Rojas v. Alexander's Dep't Store, Inc., 924 F.2d 406, 408 (2d Cir. 1990); see also Green v. City of New York, 465 F.3d 65, 82 (2d Cir. 2006) (finding that a hospital was not vicariously liable for any constitutional torts that its employees may have committed).  "Although Monell dealt with municipal employers, its rationale has been extended to private businesses [acting under color of state law]."  Rojas, 924 F.2d at 409; see also Bektic-Marrero v. Goldberg, 850 F. Supp. 2d 418, 432 (S.D.N.Y. 2012) (holding that Monell has been extended to private Section 1983 defendants acting under color of state law).

     Here, as is readily apparent, plaintiff's sparse complaints do not include any factual allegations from which the Court may reasonably infer that the conduct of which plaintiff complains was caused by some policy or custom of Armor.  Santos, 847 F. Supp. 2d at 576.  Accordingly, because plaintiff has not alleged a plausible Section 1983 claim against Armor, his claims against Armor are dismissed without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

7

### 3. Claims Against Doody and Davies

Although plaintiff names Doody and Davies in the captions of his respective complaints, Doody is not again mentioned in the body of the *Bell I* complaint and plaintiff has not included any factual allegations of conduct or inaction attributable to Davies in the *Bell II* complaint. Nor does plaintiff seek any relief against Doody. "[E]ach defendant must have been personally involved in the alleged constitutional violation" in order to be held liable under Section 1983, Tricoles v. Bumpus, 05-CV-3728, 2006 WL 767897, *3 (E.D.N.Y. Mar. 23, 2006); see Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994) ("It is well settled in [the Second Circuit] that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.")). Plaintiff's complaints fail to plausibly allege the personal involvement of Doody or Davies in any constitutional violations. Accordingly, plaintiff's Section 1983 claims against Doody and Davies are dismissed in their entirety without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1). See Johnson v. Barney, 360 F. App'x 199, 201 (2d Cir. Jan. 12, 2010) (holding that complaint based upon a violation of Section 1983 that does not "allege sufficient personal involvement" of a defendant "fail[s] as a matter of law.").

**D.   Leave to Amend**

A *pro se* plaintiff should ordinarily be given the opportunity "to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Shomo v. City of New York, 579 F.3d 176 (2d Cir. 2009) (quoting Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795-96 (2d Cir. 1999) (internal quotation marks omitted)). Indeed, a *pro se* plaintiff who brings a civil rights action, "should be 'fairly freely'' afforded an opportunity to amend his complaint." Boddie v. New York State Div. of Parole, No. 08-CV-911, 2009 WL

1033786, at *5 (E.D.N.Y. Apr. 17, 2009) (quoting Frazier v. Coughlin, 850 F.2d 129, 130 (2d Cir. 1988)) (internal quotation marks omitted). Yet, while "*pro se* plaintiffs are generally given leave to amend a deficient complaint, a district court may deny leave to amend when amendment would be futile." Id. (citations omitted).

Here, the court has carefully considered whether plaintiff should be granted leave to amend his complaints. Plaintiff is afforded an opportunity to file an amended complaint in accordance with this Order. Plaintiff is cautioned that, to the extent that plaintiff seeks to pursue a Section 1983 claim for inadequate medical treatment against Armor, he "must allege 'acts or omissions sufficiently harmful to evidence the deliberate indifference standard.'" Johns v. Goord, No. 09-CV-1016, 2010 WL 3907826, at *2 (N.D.N.Y. Sept. 30, 2010) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). "To establish an Eighth Amendment violation arising out of inadequate medical treatment a prisoner must prove 'deliberate indifference to [his] serious medical needs.'"[3] Johnson v. Wright, 412 F.3d 398, 403 (2d Cir. 2005) (quoting Estelle, 429 U.S. at 104); see also Kasiem v. Switz, No. 09-Civ-9361, 2010 WL 3744183, at *1 (S.D.N.Y. Sept. 22, 2010) (examination to address prisoner's alleged medical condition that resulted in no treatment being prescribed did not establish a showing of seriousness or of deliberate indifference to his medical needs). "[T]he deliberate indifference standard embodies both an objective and subjective prong." Hathaway v. Coughlin, 99 F.3d 550, 553 (2d Cir. 1996). The objective prong requires the prisoner to allege a "sufficiently serious" injury. Id. The Second Circuit has defined a sufficiently serious injury as "a condition of urgency, one that may produce

---

[3] Although plaintiff does not allege whether he is a pre-trial detainee or a convicted inmate, such distinction is of no moment given that the standard for deliberate indifference is the same whether brought under the Eighth or the Fourteenth Amendment. See Caiozzo v. Koreman, 581 F.3d 63, 71-72 (2d Cir. 2009) (holding that the same standard applies to claims by convicted prisoners under the Eighth Amendment and pretrial detainees' claims under the Fourteenth Amendment).

9

death, degeneration, or extreme pain." Hathaway v. Coughlin, 37 F.3d 63, 66 (2d Cir. 1994) (citation omitted). The subjective prong requires the prisoner to show the charged official acted with a "sufficiently culpable state of mind." Id. (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)). The United States Supreme Court has stated that the subjective element "entails something more than mere negligence [but] something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." Farmer v. Brennan, 511 U.S. 825, 835 (1994).

Plaintiff's amended complaint must be labeled as an "amended complaint," bear only docket number 16-CV-2687(JMA)(AYS), and must be filed within thirty (30) days from the date of this Order. Plaintiff is advised that an amended complaint completely replaces the original complaint, so plaintiff must include any allegations he wishes to pursue in the amended complaint. Further, if plaintiff does not file an amended complaint within thirty (30) days, all of his claims will be dismissed with prejudice, judgment will enter, and this case will be closed.

### III.     CONCLUSION

For the forgoing reasons, the plaintiff's applications to proceed *in forma pauperis* are granted, but the complaints are *sua sponte* dismissed for failure to allege a plausible claim for relief pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1). Plaintiff is afforded an opportunity to amend his complaint in accordance with this Order. Plaintiff's amended complaint must be labeled as an "amended complaint," bear only docket number 16-CV-2687(JMA)(AYS), and must be filed within thirty (30) days from the date of this Order.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to mail a copy of this Order to pro se plaintiff.

**SO ORDERED.**                         ___/s/ (JMA)_____
                                                    Joan M. Azrack
Dated:   November 22, 2016               United States District Judge
        Central Islip, New York